1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RAMIRO GONZALEZ RUIZ,                   CV F   05-1222 REC DLB HC

10                    Petitioner,          FINDINGS AND RECOMMENDATIONS
                                           REGARDING PETITION FOR WRIT OF
11        v.                               HABEAS CORPUS

12                                         [Doc. 1]
     RICHARD KIRKLAND, WARDEN,
13
                       Respondent.
14   _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18        Petitioner filed the instant petition for writ of habeas corpus on September 28, 2005.  On

19   December 13, 2005, the Court issued Findings and Recommendations recommending that the

     instant petition be dismissed as a successive petition.  Petitioner filed objections on January 17,
20
     2006.  By order of January 31, 2006, the Findings and Recommendations were not adopted as the
21
     prior petition was dismissed for failure to exhaust the state court remedies and, therefore, did not
22
     bar the instant petition.[1]
23
          Upon further review of the petition and this Court's docket, Petitioner's petition is, in
24
     fact, a successive petition based on the prior action, Ramiro Ruiz Gonzalez v. James Gomez,
25

26

27   _____

28        [1]  The Findings and Recommendations were based on the prior action filed in Ramiro Gonzalez Ruiz v.
     Steven Cambra, CV-F-97-5654 REC HGB HC.

1   CV-F-00-6098 DLB HC, of which the Court takes judicial notice.[2]

2       In the instant petition, Petitioner contends that there is a newly discovered ground of

3   prosecutorial misconduct revealing that he did not receive a fair trial.

4                                   **DISCUSSION**

5       Because the current petition was filed after April 24, 1996, the provisions of the

6   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

7   petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or

8   successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The

9   court must also dismiss a second or successive petition raising a new ground unless the petitioner

10  can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

11  of the claim was not previously discoverable through due diligence, and these new facts establish

12  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

13  would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

14  However, it is not the district court that decides whether a second or successive petition meets

15  these requirements, which allow a petitioner to file a second or successive petition.

16      Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

17  this section is filed in the district court, the applicant shall move in the appropriate court of

18  appeals for an order authorizing the district court to consider the application." In other words,

19  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

20  petition in district court.  <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must

21  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

22  to file the petition because a district court lacks subject-matter jurisdiction over a second or

23  successive petition. <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997); <u>Greenawalt v.</u>

24  <u>Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  <u>Nunez v.</u>

25  <u>United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).

26      A second or successive petition for habeas corpus is not considered "successive" if the

27  ─────────────────

28      [2]  A Court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505
    (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th cir. 1980).

1  initial habeas petition was dismissed for a technical or procedural reason versus on the merits.

2  See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not

3  successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

4  Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the

5  claim raised in the first petition was dismissed by the district court as premature.)

6      Unlike the prior petition in CV-F-97-5654 REC HGB HC, the prior petition in CV-F-00-

7  6098 DLB HC, was dismissed as time-barred by the statute of limitations.  Although a dismissal

8  based on the statute of limitations does not include an examination of the merits of the petition, it

9  nonetheless operates and is equivalent to a final judgment on the merits.  See e.g. Ellingson v.

10  Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the

11  statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972),

12  cert. denied, 409 U.S. 871 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining

13  that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a

14  dismissal on the merits.")  A dismissal based on untimeliness under the statute of limitations bars

15  further review of the action.  Therefore, because the prior petition was adjudicated "on the

16  merits", the instant petition is a "second or successive petition" under § 2244(b).

17      Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to

18  file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction

19  to consider Petitioner's renewed application for relief from that conviction under Section 2254

20  and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If

21  Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for

22  leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

23

24      Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas

25  corpus be DISMISSED, without prejudice, as a successive petition.

26      These Findings and Recommendations are submitted to the assigned United States

27  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

28  304 of the Local Rules of Practice for the United States District Court, Eastern District of

3

1    California.  Within thirty (30) days after being served with a copy, any party may file written

2    objections with the court and serve a copy on all parties.  Such a document should be captioned

3    "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

4    shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

5    service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

6    28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

7    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

8    F.2d 1153 (9th Cir. 1991).

9       IT IS SO ORDERED.

10    **Dated:**    **February 26, 2006**          **/s/ Dennis L. Beck**

11    3b142a                          UNITED STATES MAGISTRATE JUDGE